IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 25, 2008

Charles R. Fulbruge III
Clerk

No. 08-40095
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

RUBEN CASTANEDA-VELEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:07-CR-1330-ALL

Before JOLLY, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Ruben Castaneda-Velez (Castaneda) pleaded guilty to attempting to reenter the United States without having obtained consent to reapply for admission. Castaneda's guidelines sentencing range was enhanced by 16 levels pursuant to U.S.S.G. § 2L1.2 because he had previously been deported following a conviction for a crime of violence. The district court sentenced him to 77 months of imprisonment and a three-year term of supervised release.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Castaneda contends that his sentence is procedurally unreasonable because the district court did not give a sufficient explanation for the sentence. Because Castaneda did not object to the explanation at sentencing, we review this contention for plain error. See Unites States v. Lopez-Velasquez, 526 F.3d 804, 806 (5th Cir. 2008), petition for cert. filed (July 25, 2008)(No. 08-5514).

The district court's adoption of the presentence report (PSR) and consideration of Castaneda's objections to the PSR, arguments for a below-guidelines sentence, and the § 3553(a) factors in determining Castaneda's within-guidelines sentence constituted sufficient reasons for imposing the sentence. See Rita v. United States, 127 S. Ct. 2456, 2468-69 (2007); United States v. Hernandez, 457 F.3d 416, 424 (5th Cir. 2006). There was no clear or obvious error that affected Castaneda's substantial rights or rendered the sentence procedurally unreasonable. See Rita, 127 S. Ct. at 3468-69.

Castaneda also argues that although his was a within-guidelines sentence, it should not be presumed reasonable because U.S.S.G. § 2L1.2 is flawed under Kimbrough v. United States, 128 S. Ct. 558, 574 (2007), wherein the Supreme Court recognized that certain Guidelines do not take account of empirical data and national experience. This argument is also reviewed for plain error. See United States v.Garza-Lopez, 410 F.3d 268, 272 (5th Cir. 2005).

Although Kimbrough made clear that a district court may, in certain cases, conclude that the Guidelines fail properly to reflect § 3553(a)'s considerations and may disagree with guidelines policy, it does not follow that a district court abuses its discretion when it concludes, as the district court did here, that the Guidelines are appropriate. This court recently rejected a similar argument in United States v. Campos-Maldonado, 531 F.3d 337, 339 (5th Cir. 2008), petition for cert. filed (Aug. 20, 2008) (No. 08-5988).

AFFIRMED.